Casciano v Town/Village of Harrison (2018 NY Slip Op 02594)





Casciano v Town/Village of Harrison


2018 NY Slip Op 02594


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2016-10190
 (Index No. 59966/14)

[*1]Nicholas Casciano, respondent, 
v
Town/Village of Harrison, defendant, New York Bituminous Products Corporation, appellant.


Lori D. Fishman (Carol R. Finocchio, New York, NY, of counsel), for appellant.
Zalman Schnurman & Miner, P.C., New York, NY (Marc H. Miner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York Bituminous Products Corporation appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated September 6, 2016, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that he was injured when he slipped and fell on ice on a roadway in the vicinity of his residence in Harrison, New York. He commenced this action against the defendant New York Bituminous Products Corporation (hereinafter NYBPC) and another defendant, alleging, inter alia, that NYBPC negligently created the condition which caused his fall by performing defective road work. NYBPC moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court denied the motion. NYBPC appeals.
Contrary to NYBPC's contention, the evidence submitted in support of its motion failed to establish, prima facie, that the work it performed on the roadway did not cause or contribute to the condition that resulted in the plaintiff's alleged injuries (see generally Alvarez v Prospect Hosp ., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr ., 64 NY2d 851, 853; Zuckerman v City of New York , 49 NY2d 557, 562). Since NYBPC failed to establish its prima facie entitlement to judgment as a matter of law, the motion was properly denied without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr ., 64 NY2d at 853).
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court